# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

In Re:

CHARLES EDWARD WOIDE; and
SUSANNAH CLARE WOIDE,

        Debtors.

        Bankr. Case No. 6:10-bk-22841-KSJ

_____

CHARLES EDWARD WOIDE; and
SUSANNAH CLARE WOIDE,

        Appellants,

v.        Case No. 6:16-cv-1524-Orl-37

FEDERAL NATIONAL MORTGAGE
ASSOCIATION,

        Appellee.

_____

## ORDER

This cause is before the Court on the following:

1. Appellants' Notice of Appeal (Doc. 1), filed August 24, 2016;

2. Brief for [Appellants'] Charles Edward Woide and Susannah Clare Woide (Doc. 19), filed November 14, 2016;

3. Brief for Appellee[] Federal National Mortgage Association (Doc. 20), filed December 14, 2016; and

4. Reply Brief for [Appellants'] Charles Edward Woide and Susannah Clare Woide (Doc. 24), filed January 3, 2017.

Upon consideration, the Court finds that the bankruptcy court's orders are due to

be affirmed and Appellants' Notice of Appeal is due to be dismissed.

## BACKGROUND

This is the second of two appeals taken by *pro se* Appellants arising from their Chapter 7 bankruptcy case ("**Bankruptcy Action**"), which was ultimately closed on July 7, 2011. (*See* Docs. 1, 9-6.) Frustrated by Appellants' attempts to thwart its efforts to foreclose a valid interest in Appellants' home in Deland, Florida ("**Property**"), Federal National Mortgage Association ("**Fannie Mae**") moved to reopen the Bankruptcy Action to compel surrender of the Property. (Doc. 9-18. ("**Motion to Reopen**").) In opposition, Appellants filed a motion to deny as moot the Motion to Reopen. (Doc. 10-2 ("**Motion to Deny**").) Without first ruling on the Motion to Deny, the bankruptcy court granted the Motion to Reopen. (Doc. 10-4 ("**Surrender Order**").) Subsequently, Appellants moved for reconsideration of the Surrender Order. (Doc. 10-8 ("**Motion to Reconsider Surrender**").)

On June 30, 2016, U.S. Bankruptcy Judge Arthur B. Briskman set the Motion to Reconsider Surrender for hearing ("**July 27 Hearing**"). (*See* Doc. 10-10.) At the July 27 Hearing, Bankruptcy Judge Briskman denied the Motion to Deny and the Motion to Reconsider Surrender, which he then memorialized in written orders. (*See* Doc. 10-16 and Doc.10-17 collectively, "**Denial Orders**".) Nearly a week later, Bankruptcy Judge Briskman vacated the Denial Orders "entered orally at the [July 27 Hearing]" and recused himself, reassigning the case to U.S. Bankruptcy Judge Karen S. Jennemann. (Doc. 10-20 ("**Order to Vacate**").) Appellants then moved for reconsideration of the Order to Vacate, requesting that the bankruptcy court vacate the written orders as opposed to the oral orders. (Doc. 11-5 ("**Motion to Reconsider Vacatur**").)

Following reassignment, Appellants filed their first notice of appeal ("**First Notice**") on August 10, 2016, challenging the Surrender Order and the Denial Orders. (*See* 6:16-cv-1484-Orl-37 ("*Woide I*") Doc. 1).[1] A week after the First Notice, Bankruptcy Judge Jennemann held a hearing to address several outstanding motions, including the Motion to Deny and the Motion to Reconsider Surrender, which remained pending after the Order to Vacate. (Doc. 15-1 ("**August 17 Hearing**").) Appellants also presented argument regarding the Motion to Reconsider Vacatur and an emergency motion for stay pending appeal (Doc. 11-6 ("**Stay Motion**")). (*Id.*)

To permit Appellants to proceed with their then-pending *Woide I* appeal, Bankruptcy Judge Jennemann denied Appellants' original Motion to Deny (Doc. 11-17) and Motion to Reconsider Surrender (Doc. 11-18) at the August 17 Hearing.[2] (Doc. 15-1, pp. 15–16.) Finding no grounds to warrant a stay pending appeal, she also denied the Stay Motion (Doc. 11-20 ("**Order Denying Stay**")) without prejudice.[3] (*See* Doc. 15-1, pp. 17–18.) The Order Denying Stay directs the Clerk to "transmit to the District Court the pending appeal of BOTH underlying orders, [the Denial Orders], for consideration on appeal." (Doc. 11-20 (alteration in original).) Bankruptcy Judge Jennemann, likewise, denied the Motion to Reconsider Vacatur. (Doc. 11-19 ("**Order Denying**

---

[1] On January 9, 2017, this Court affirmed the Surrender Order and dismissed *Woide I*. (*Woide I*, Doc. 24.)

[2] But Bankruptcy Judge Jennemann's guidance was all for naught. Appellants failed to address the Denial Orders in their brief. (*See Woide I*, Doc. 21.) Therefore, they abandoned any appeal of them in *Woide I*. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (concluding that issues not briefed by *pro se* litigants were deemed abandoned).

[3] At the August 17 Hearing, Bankruptcy Judge Jennemann explained that this Court was in a better position to determine the appropriateness of a stay. (*See* Doc. 15-1, pp. 17–18.) Nonetheless, Appellants did not to seek a stay in this Court.

3

**Reconsideration of Vacatur**"), collectively with the Order Denying Stay ("**Jennemann Orders**").)

Appellants then filed their second notice of appeal ("**Second Notice**") on August 24, 2016, challenging the Jennemann Orders. (*See* Doc. 1.) The Court has received the designated record in the Bankruptcy Action (*see* Docs. 7–13, 15) and the parties briefing (Docs. 19, 20, 24). The matter is now ripe for review.

## STANDARDS

In reviewing decisions of a bankruptcy court, a district court functions as an appellate court. *In re Colortex Indus., Inc.*, 19 F.3d 1371, 1374 (11th Cir. 1994). The Court generally reviews a bankruptcy court's factual findings for clear error and its legal conclusions de novo. *In re Globe Mfg. Corp.*, 567 F.3d 1291, 1296 (11th Cir. 2009). Bankruptcy court orders denying motions to reconsider and stays pending appeal are reviewed for abuse of discretion. *See In re Int'l Yacht & Tennis, Inc.*, 922 F.2d 659, 662 (11th Cir. 1991); *In re Phillps*, 483 B.R. 254, 257 (M.D. Fla. 2012) (citing *In re Colony Square Co.*, 788 F.2d 739, 741 (11th Cir. 1986)). Jurisdictional questions are reviewed de novo. *In re Walker*, 515 F.3d 1204, 1210 (11th Cir. 2008).

## DISCUSSION

**I.    The Jennemann Orders**

Before reaching the merits, the Court must determine whether it has jurisdiction to hear the appeals of the Jennemann Orders. Upon review, the Court finds that it lacks jurisdiction over the Order Denying Stay but has jurisdiction over the Order Denying Reconsideration of Vacatur. The Court addresses each Jennemann Order in turn.

### A.   Order Denying Stay

A district court has appellate jurisdiction over "final judgments, orders and decrees" from the bankruptcy court. 28 U.S.C. § 158(a)(1). Unless leave to appeal is first granted, a district court lacks appellate jurisdiction over interlocutory orders from the bankruptcy court. 28 U.S.C. § 158(a)(2), (3).

An order is final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945). In the bankruptcy context, "finality is given a more flexible interpretation . . . because bankruptcy is an aggregation of controversies and suits," which involves multiple parties and is protracted in nature. *In re Donovan,* 532 F.3d 1134, 1136–37 (11th Cir. 2008). Hence a bankruptcy court's order is final if it "completely resolves all the issues pertaining to a discrete claim, including issues as to the proper relief." *Id.* at 1136–37 (quoting *In re Atlas*, 2110 F.3d 1305, 1308 (11th Cir. 2000)). Contrary to Appellants' contention, the Order Denying Stay is not a final order under § 158(a)(1) as it does not resolve an issue pertaining to a discrete claim. *See Strickland & Davis Int'l, Inc. v. Shepard*, 5:12-mc-2201-KOB, 2014 WL 2768810, at *5 n.6 (N.D. Ala. June 18, 2014), *aff'd but criticized on other grounds* 612 F. App'x 971 (11th Cir. 2015); *see also Anderson v. United States*, 520 F.2d 1027, 1028 (5th Cir. 1975) (noting that a denial of a motion to stay is not a final judgment).

Because the Order Denying Stay is not a final order entitling Appellants to review as a matter of right, it constitutes an interlocutory order, which can be appealed only with leave of court. *See* § 158(a)(3).[4] While the statute permits review of interlocutory orders,

---

[4] Appellants did not seek leave to appeal an interlocutory order. Nonetheless, the

5

it does not provide criteria for determining when a district court should exercise its discretionary authority to grant leave to appeal; however, the U.S. Court of Appeals for the Eleventh Circuit has implicitly recognized the application of 28 U.S.C. § 1292(b) to such interlocutory orders from the bankruptcy court. *See In re Charter Co.*, 778 F.2d 617, 620 n.5 (11th Cir. 1985) (affirming the district court's application of § 1292(b) in the bankruptcy context); *see also McCallan v. Hamm*, 502 B.R. 245, 247–48 (M.D. Ala. 2013) (collecting opinions from district courts within the Eleventh Circuit applying § 1292(b) to interlocutory bankruptcy orders).

Under § 1292(b) an interlocutory order may become appealable if the district court is of the opinion that: (1) the order involves a controlling question of law as to which there is substantial ground for difference of opinion; and (2) immediate appeal from the order may materially advance the ultimate termination of the litigation. An order involves a controlling question of law if it involves a matter that can be resolved without having to study the record. *See McFarlin v. Conseco Servs., L.L.C.*, 381 F.3d 1251, 1258 (11th Cir. 2004). But the issue of whether a bankruptcy court should have denied a stay pending appeal does not present a "pure" legal question. Rather, it requires the Court to delve beyond the surface of the record to determine the facts. Indeed, to establish entitlement to a stay requires a movant to establish that he is likely to prevail on the merits of the appeal—an inquiry that necessarily involves review of the facts. *See In re F.G. Metals, Inc.*, 390 B.R. 467, 471–72 (Bankr. M.D. Fla. 2008) (explaining the exceptional nature of a stay and detailing the four-part standard to obtain a stay pending

---

Court will exercise its discretion and treat the Second Notice as a motion for leave. *See* Fed. R. Bankr. P. 8004(b).

appeal); *see also Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986). Hence the Order Denying Stay does not satisfy the standard under § 1292(b), and the Court declines to grant Appellants leave to appeal.

### B. Order Denying Reconsideration of Vacatur

Unlike the Order Denying Stay, the Order Denying Reconsideration of Vacatur is a final order under § 158(a). *See, e.g.*, *In re Collecting Supplies LLC*, Nos. WY-12-059, WY-12-062, 2013 WL 873619, at *3–5 (10th B.A.P. 2013) (treating a motion for reconsideration under Federal Rule of Bankruptcy Procedure 9023 as a final order for purposes of appeal); *see also In re Richardson*, 339 F. App'x 946 (11th Cir. 2009) (remanding and noting that the district court had jurisdiction over the bankruptcy court's orders denying motions for reconsideration).[5]

Turning to the merits, Appellants contend that: (1) the bankruptcy court lacked jurisdiction to enter the Jennemann Orders in light of the then-pending *Woide I* ("**Jurisdictional Argument**"); and (2) Bankruptcy Judge Jennemann had no authority to enter the Order Denying Reconsideration of Vacatur because only Bankruptcy Judge Briskman could reconsider the underlying Denial Orders ("**Authority Argument**"). (Doc. 19, p. 14.)

---

[5] In its brief, Fannie Mae has styled the Order Denying Reconsideration of Vacatur as one denying a motion for recusal. (Doc. 20, pp. 9–10.) According to Fannie Mae, a denial of a motion for recusal is an interlocutory order requiring leave of court. (*Id.*) But Appellants did not file a motion for recusal, nor are they challenging the recusal itself. (*See* Doc. 1; *see also* Doc. 19, pp. 13–14.) Rather, Appellants sought reconsideration of the Order to Vacate under Rule 9023, which makes Federal Rule of Civil Procedure 59 applicable in bankruptcy cases. *See* Fed. R. Bankr. P. 8002(b)(1)(B).

7

### 1. Jurisdictional Argument

Appellants contend that the bankruptcy court lacked jurisdiction to enter the Jennemann Orders. (Doc. 19, pp. 13–14.) Their argument centers on their previous appeal of the Surrender Order and the Denial Orders filed in this Court on August 10, 2016. (*See Woide I*, Doc. 1.) According to Appellants, the then-pending *Woide I* immediately divested the bankruptcy court of jurisdiction to enter any further orders prior to the resolution of that appeal. (*Id.*) The Court disagrees.

The filing of a motion for reconsideration tolls the time to file a notice of appeal until after the resolution of the motion for reconsideration. Fed. R. Bankr. P. 8002(b)(1). Where a notice of appeal is filed after the entry of the order on appeal, but before the resolution of a pending motion for reconsideration, the notice of appeal only becomes effective when the order disposing of the motion for reconsideration is entered. Fed. R. Bankr. P. 8002(b)(2). Thus, an appeal is suspended and the notice of appeal lays dormant until entry of an order denying the motion to reconsider. *See In re Evans*, 04-31769, 2006 WL 626699, at *1 (Bankr. N.D. Fla. Jan. 27, 2006) ("The advisory committee notes to Rule 8002(b) make it clear that the notice of appeal is suspended until the postjudgment motion is disposed of, even if the notice of appeal is filed before the postjudgment motion."); *see also In re McFarland*, 11-10218, 2016 WL 953147, at *3 (Bankr. S.D. Ga. Mar. 7, 2016), *aff'd* 557 B.R. 256 (S.D. Ga. 2016) ("The pendency of the notice of appeal does not 'divest' the Bankruptcy Court's jurisdiction to hear the Rule 8002(b)(1) motions.").

Here, the bankruptcy court was not immediately divested of jurisdiction when Appellants filed their First Notice because Appellants' Motion to Reconsider Surrender

was still pending. Though initially denied on July 29, 2016, Bankruptcy Judge Briskman vacated the Denial Orders on August 1, 2016. (*See* Doc. 10-20.) In so doing, the Motion to Reconsider Surrender was reinstated and required resolution by the bankruptcy court. *See, e.g.*, *In re Randy Homes Corp.*, 84 B.R. 799, 801 (Bankr. M.D. Fla. 1988) (noting that a decision to vacate prior orders had the effect of reinstating the original pleadings). As such, the First Notice did not ripen and become effective until Bankruptcy Judge Jennemann denied the Motion to Deny and the Motion to Reconsider Surrender on August 18, 2016. (*See* Doc. 11-17 and Doc. 11-18.) Therefore, the bankruptcy court did not lack jurisdiction to hold the August 17 Hearing or to enter the Jennemann Orders. More to the point, nothing in the record indicates that such an action was an abuse of discretion.[6]

### 2. Authority Argument

Alternatively, Appellants contend that even if the bankruptcy court had jurisdiction, Bankruptcy Judge Jennemann had no authority to enter the Order Denying Reconsideration of Vacatur because only Judge Briskman could reconsider orders he entered. (Doc. 19, p. 14.) To say nothing of the procedural inefficiencies that would result, Appellants' argument finds no basis in law.

Once Bankruptcy Judge Briskman recused himself, his role was limited to performing ministerial or clerical duties necessary to transfer the case to another judge.

---

[6] Appellants' argument that the Order to Vacate acted to vacate only Bankruptcy Judge Briskman's oral denials of the Motion to Deny and the Motion to Reconsider Surrender is unpersuasive. The record reflects that Bankruptcy Judge Briskman intended to vacate the written Denial Orders, which were the official orders of the bankruptcy court. (*See* Bankr. Doc. 57 (noting that the oral entry of the Denial Orders "is not an official order of the [Bankruptcy] Court.").)

*See In re BellSouth Corp.*, 334 F3d 941, 949 (11th Cir. 2003). Following recusal, Bankruptcy Judge Briskman performed the single ministerial task of transferring the case to Bankruptcy Judge Jennemann. (*See* Doc. 10-20.) Thus, Bankruptcy Judge Jennemann, as the presiding judge, did have authority to enter the Order Denying Reconsideration of Vacatur. She did nothing more than what her office requires—to pick up the Bankruptcy Action where Bankruptcy Judge Briskman left off. (*See* Doc. 15-1, p. 10.) Accordingly, the Court cannot say that Bankruptcy Judge Jennemann abused her discretion by entering the Order Denying Reconsideration of Vacatur. Hence the appeal is due to be dismissed.

**II.     The Denial Orders**

While the Denial Orders were originally appealed in *Woide I*, the Court did not address them in light of the Order to Vacate. (*See Woide I*, Doc. 24.) Further, Appellants failed to brief the Court on the Denial Orders (*see Woide I*, Doc. 21.); thus, they abandoned their appeal of them. *Timson*, 518 F.3d at 874. Nor have Appellants designated them in their Second Notice.[7] (*See* Doc. 1.)

Nonetheless, in light of Bankruptcy Judge Jennemann's directive in the Order Denying Stay, Appellants' *pro se* status, and the unique procedural posture of this appeal,

---

[7] Ordinarily, a notice of appeal must designate the order being appealed, and the failure to do so precludes an appellate court from reviewing an order not so specified. *See McDougald v. Jenson*, 786. F.2d 1465, 1474 (11th Cir. 1986). However, when the "overriding intent was effectively to appeal the original judgment, a notice of appeal stating that it appeals from an order on a [motion to reconsider] must be construed as an appeal from the original judgment not merely from the denial of the [motion to reconsider]." *See Shuler v. Ingram & Assocs., NCO*, 441 F. App'x 712, 715 n.1 (11th Cir. 2001) *see also Prince v. Kids Ark Learning Ctr., LLC*, 622 F.3d 992, 994 (8th Cir. 2010) (recognizing that an appeal from the denial of a Rule 59(e) motion raises up the underlying judgment on appeal).

the Court will address the underlying Denial Orders (Doc. 10-16; Doc. 10-17) out of an abundance of caution. Doing so is to no avail, however, because nothing in the record suggests an abuse of discretion with respect to the Denial Orders. To the contrary, a review of the record reveals that Appellants failed to meet the threshold warranting reconsideration of the Motion to Deny or Motion to Reconsider Surrender. (*See* Doc. 10-20.) As such, the Court finds no abuse of discretion.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. The bankruptcy court's Orders (Doc. 11-17; Doc. 11-18; Doc. 11-19; Doc. 11-20) are **AFFIRMED**.

2. Appellants' Notice of Appeal concerning the following bankruptcy court's orders is **DISMISSED**: (a) Order Denying Motion to Deny as Moot Fannie Mae's Motion to Reopen Bankruptcy Case to Compel Surrender of Property (Doc. 11-17); (b) Order Denying Motion for Reconsideration of Order Granting Motion to Reopen Bankruptcy Case (Doc. 11-18); (c) Order Denying Motion for Reconsideration of Order to Vacate (Doc. 11-19); and (d) Order Denying Motion to Stay Orders Pending Appeal (Doc. 11-20).

3. The Clerk is **DIRECTED** to close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on February 6, 2017.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

Pro Se Parties

Trustee