UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In Re:

CHARLES EDWARD WOIDE; and
SUSANNAH CLARE WOIDE,

            Debtors.

                                   Bankr. Case No. 6:10-bk-22841-KSJ

_____

CHARLES EDWARD WOIDE; and
SUSANNAH CLARE WOIDE,

            Appellants,

v.                                        Case No. 6:16-cv-1524-Orl-37

FEDERAL NATIONAL MORTGAGE
ASSOCIATION,

            Appellee.

_____

ORDER

This cause is before the Court on Appellants Charles Edward Woide and Susannah

Clare Woide's Motion for Reconsideration of Order [Doc. 26] (Doc. 28), filed February 17,

2017.

I.      PROCEDURAL HISTORY

The genesis of this protracted bankruptcy appeal concerns the bankruptcy court's

decision to reopen the underlying bankruptcy action to compel surrender of Appellants'

home. (*See* Doc. 10-4 ("**Surrender Order**").) Appellants filed numerous motions

contesting the Surrender Order, all were denied. (*See* Docs. 10-16; 10-17; 11-17; 11-18.) Thereafter, Appellants appealed the Surrender Order to this Court. *See* Case No. 6:16-cv-1484-Orl-37 ("***Woide I***"). In addition to their appeal in *Woide I*, Appellants also appealed U.S. Bankruptcy Judge Karen S. Jennemann's denial of their: (1) emergency motion for stay pending appeal (Doc. 11-20 ("**Order Denying Stay**")); and (2) motion for reconsideration of an order vacating two prior bankruptcy court orders (Doc. 11-19 ("**Order Denying Reconsideration of Vacatur**" collectively with the Order Denying Stay "**Jennemann Orders**")). The Jennemann Orders form the basis of the present appeal. (*See* Doc. 1.)

On February 6, 2017, the Court affirmed the Jennemann Orders. (Doc. 26 ("**Dismissal Order**").) In addition, the Court affirmed Bankruptcy Judge Jennemann's denial of the orders underlying the Order Denying Reconsideration of Vacatur, related to the reconsideration of the Surrender Order (Docs. 11-17, 11-18 (collectively "**Denial Orders**")).[1] (*See id.*) Appellants now urge the Court to reconsider the Dismissal Order on the basis of clear error or manifest injustice. (Doc. 28 ("**Motion for Reconsideration**").) Appellees did not respond to the Motion for Reconsideration.

## II.   STANDARDS

Reconsideration under Federal Rule of Civil Procedure 59(e) is appropriate where

---

[1] The Denial Orders were originally entered by U.S. Bankruptcy Judge Arthur B. Briskman. Prior to the appeal in *Woide I*, Bankruptcy Judge Briskman vacated the Denial Orders, recused himself, and reassigned the case to Bankruptcy Judge Jennemann. (*See* Doc. 10-20.)

there is: (1) an intervening change in controlling law; (2) newly discovered evidence; or (3) clear error or manifest injustice. *See Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994) (noting that courts have generally granted such relief in these three circumstances).  Rule 59, however, cannot be used to "relitigate old matters, raise argument[,] or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005). Indeed, "[t]he Court's reconsideration of a previous order is an extraordinary remedy, to be employed sparingly." *Mannings v. Sch. Bd. of Hillsborough Cty.*, 149 F.R.D. 235, 235 (M.D. Fla. 1993). "[T]he decision to grant such relief is committed to the sound discretion of the district judge . . . ." *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 (11th Cir. 1993).

## III.  ANALYSIS

Appellants contend that that Court erred by: (1) finding that it lacked jurisdiction over their appeal of the Order Denying Stay; and (2) finding that the bankruptcy court had jurisdiction to enter the Denial Orders and the Jennemann Orders.  (*See* Doc. 28, pp. 3–5.)

First, Appellants contend that their Stay Motion sought injunctive relief. (*Id.* at 4.) According to Appellants, the Court, thus, has jurisdiction over the Order Denying Stay, as it is excepted from the final judgment rule under 28 U.S.C. § 1292(a)(1). (*Id.*) Appellants are wrong.

Section 1292(a)(1) provides that "the courts of appeals shall have jurisdiction of

appeals from [i]nterlocutory orders of the district courts." *See* 28 U.S.C. § 1292(a)(1). But Appellants cite no authority applying § 1292(a)(1) here—that is, to appeals from a bankruptcy court to a district court, nor has the Court found any authority applying § 1292(a)(1) in this manner. Even if the Court entertained such an application, Appellants' argument still fails, as their attempt to equate their Stay Motion with a motion for injunctive relief is unavailing. This is so because an order that relates only to the conduct or progress of litigation—such as the Order Denying Stay—is not considered an injunction and is, therefore, not appealable under § 1292(a)(1). *See Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 279, 287 (1988), *superseded on other grounds by* 9 U.S.C. § 16; *see also Carson v. American Brands, Inc.*, 450 U.S. 79, 84 (1981) (explaining that § 1292(a)(1) was intended to carve out only a limited exception to the final judgment rule).

Finally, Appellants contend that the bankruptcy court lacked jurisdiction to enter the Denial Orders and the Jennemann Orders. (Doc. 28, p. 3.) Attempting a "do over" on this issue, Appellants essentially parrot the jurisdictional argument set forth in their initial brief. (Compare *id.*, *with* Doc. 19 pp. 13–14.) Having previously found that the bankruptcy court had jurisdiction to enter such orders (*see* Doc. 26, pp. 8–11), the Court finds that Appellants' attempt to relitigate old matters is not a proper use of Rule 59.

## IV.   CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Appellants Charles Edward Woide and Susannah Clare Woide's Motion for Reconsideration of Order [Doc. 26] (Doc. 28) is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on March 13, 2017.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

Pro Se Parties